UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.:

MARIA R. DIODATI,

    Plaintiff,
v.

KOKO & PALENKI, INC.,
PAMELA A. GARCIA and
JUSTIN J. GARCIA, individually

    Defendant,
_____/

**COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff MARIA R. DIODATI by and through the undersigned counsel, and hereby sues corporate Defendant KOKO & PALENKI, INC., PAMELA A. GARCIA, and JUSTIN J. GARCIA and alleges:

JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid overtime wages and overtime wages under the laws of the United States.  This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement)("the Act").

2. At all times material hereto, Plaintiff MARIA R. DIODATI (hereinafter MARIA R. DIODATI or Plaintiff) was a resident of Dade County, Florida, within the jurisdiction of this Honorable Court.  Plaintiff is a covered employee for purposes of the Act.

3. Defendant KOKO & PALENKI, INC. (hereinafter KOKO & PALENKI or Defendant) is a Florida corporation, having its main place of business in Dade County, Florida, where

Plaintiff worked for Defendant, and at all times material hereto Defendant was and is engaged in interstate commerce.

4. Individual Defendants PAMELA A. GARCIA and JUSTIN J. GARCIA are owners/ Partners, Managers of KOKO & PALENKI, they had operational control of the business and they are employers within the meaning of 29 U.S.C. § 203(d)].

## ALLEGATIONS COMMON TO ALL COUNTS

5. Plaintiff MARIA R. DIODATI brings this collective action for overtime compensation and other relief under the Fair Labor Standards Act (FLSA), 29 U.S.C. §201 *et seq.,* on behalf of herself and other similarly situated employees of Defendant.

6. Defendant KOKO & PALENKI is a high end fashion boutique with locations in at least three of the most expensive retail properties in at Miami, specializing in the sale of an extensive selection of luxury brand designers. Because of its locations, the store caters mostly to tourist from out of state and also to tourist from all around the world.

7. Defendant KOKO & PALENKI employed Plaintiff MARIA R. DIODATI from on or about October 14, 2012 through February 14, 2014. Plaintiff was hired as general store employee, and she was paid a wage rate or $13.00 an hour, plus the payment of 1% of commissions for sales under $5,000.00, and 2% of commission for sales over $5,000.00.weekly plus the payment of commissions.

8. However, Plaintiff's performed not only as a sales person, Plaintiff's responsibilities included non-commissionable duties such as receiving and storing the delivery of large amounts of stock; clerical duties; putting up displays; stocking shelves with merchandise; keeping the store tidy and clean, including cleaning windows, mopping, and cleaning

bathrooms; and many other manual non-exempt tasks. Plaintiff performed the same or similar duties as that of those other similarly-situated store employees.

9. While employed by Defendant, Plaintiff worked an average of 48.5 (Forty Eight and a Half) hours per week without being compensated at the rate of not less than one and one half times the regular rate at which she was employed.

10. Plaintiff had a regular schedule, and she usually worked 5 days per week.  On Mondays Plaintiff worked from 9:00 AM to 6:30 AM (9.5 hrs.); on Tuesdays and Thursdays Plaintiff worked from 1:00 PM to 10:30 PM (9.5 hrs. each day); on Saturdays Plaintiff worked from 9:00 AM to 6:30 AM (9.5 hrs.); and on Sundays, Plaintiff worked from 11:00 AM to 9:30 PM (10.5 hrs.).  Plaintiff was unable to take any lunch break.

11. Nevertheless, Plaintiff was paid for only 40 hours.  She was not paid for overtime hours at the rate of one time and a half her regular rate as established by law.

12. On or about January 3, 2014, Plaintiff formally complained and requested the payment of overtime hours to Regional Manager Amy Forte. Manager Amy Forte did not provide Plaintiff any answer.

13. On or about January 31, 2014, Plaintiff again complained to Manager Amy Forte and requested to be paid for overtime hours.  This time the Manager told Plaintiff that she would talk to the owners of the business.

14. Two weeks later, on or about February 14, 2014, the owner of the business JUSTIN J. GARCIA, fired Plaintiff using pre-textual and frivolous reasons.

15. At the moment of Plaintiff's termination, she was performing and excelling at the functions of her job.  There was no reason to fire Plaintiff other than retaliation because of her complaints about overtime payment.

16. Plaintiff MARIA R. DIODATI seeks to recover for unpaid overtime wages, for retaliatory damages and any other relief as allowable by law.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

17. Plaintiff MARIA R. DIODATI re-adopts each and every factual allegation as stated in paragraphs 1-16 above as if set out in full herein.

18. This action is brought by Plaintiff MARIA R. DIODATI and those similarly-situated to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

19. The employer KOKO & PALENKI was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) (1) (A). Defendant is a retail business that has more than two employees directly and recurrently engaged in interstate commerce. Defendant caters to customers from out of state and to customers from other Countries. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states. Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic

transmissions going over state lines to do its business, transmits funds outside the State of Florida. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum. By reason of the foregoing, Defendant was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is enterprise coverage.

20. Plaintiff was employed by an enterprise engage in interstate commerce and through her daily activities, Plaintiff and other employees similarly situated regularly and recurrently participated in interstate business, performing credit card transactions, handling and selling goods and materials that were moved across State lines at any time in the course of business, to mostly out of the state customers. Therefore, there is individual coverage.

21. Defendant KOKO & PALENKI employed Plaintiff MARIA R. DIODATI from on or about October 14, 2012 through February 14, 2014. Plaintiff was hired as general store employee, and she was paid a wage rate or $13.00 an hour, plus the payment of 1% of commissions for sales under $5,000.00, and 2% of commission for sales over $5,000.00.

22. While employed by Defendant, Plaintiff worked an average of 48.5 (Forty Eight and a Half) hours per week without being compensated at the rate of not less than one and one half times the regular rate at which he was employed.

23. Plaintiff had a regular schedule, and she usually worked 5 days per week. On Mondays Plaintiff worked from 9:00 AM to 6:30 AM (9.5 hrs.); on Tuesdays and Thursdays Plaintiff worked from 1:00 PM to 10:30 PM (9.5 hrs. each day); on Saturdays Plaintiff worked from

9:00 AM to 6:30 AM (9.5 hrs.); and on Sundays, Plaintiff worked from 11:00 AM to 9:30 PM (10.5 hrs.). Plaintiff was unable to take any lunch break.

24. Plaintiff worked a total of 48.5 hours weekly, nevertheless, Plaintiff was paid for only 40 hours. She was not paid for overtime hours at the rate of one time and a half her regular rate as established by law.

25. The records, if any, concerning the number of hours actually worked by Plaintiff and all other employees, and the compensation actually paid to such employees should be in the possession and custody of Defendant. Nevertheless, upon information and belief, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

26. Plaintiff was paid by direct deposit and she was provided with paystubs that never reflected real number of hours worked.

27. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

28. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

> *Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as new evidence could dictate. Payment for Commissions have not been included, after discovery we will include commissions and consequently calculations will be amended to reflect higher regular and O/T rates.

   a. <u>Total amount of alleged unpaid wages</u>:

   Eleven Thousand Four Hundred Thirty Six Dollars and 75/100 ($11,436.75)

   b. <u>Calculation of such wages</u>:

   Total relevant weeks of employment:  69 weeks
   Total hours worked: 48.5 hours weekly
   Overtime hours:  8.5 hours
   Regular rate: $13.00 x 1.5 = $19.50 O/T rate

   $19.50 O/T rate x 8.5 O/T hours= $165.75 weekly x 69 weeks=$11,436.75

    c.  <u>Nature of wages (e.g. overtime or straight time):</u>

        This amount represents the unpaid overtime.

29. At all times material hereto, the Employer/Defendant KOKO & PALENKI, failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

30. Defendant KOKO & PALENKI knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

31. At the times mentioned, individual Defendants PAMELA A. GARCIA and JUSTIN J. GARCIA were the Owners Managers/Partner of Defendant Corporation KOKO & PALENKI. Individual Defendants PAMELA A. GARCIA and JUSTIN J. GARCIA had operational control the Corporation, they determined Plaintiff's employment terms and conditions, and are jointly liable for Plaintiff's damages. Individual Defendants PAMELA A. GARCIA and JUSTIN J. GARCIA were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that these individual Defendants acted directly in the interest of Defendant

KOKO & PALENKI in relation to the employees including Plaintiff and others similarly situated.

32. Defendants KOKO & PALENKI, PAMELA A. GARCIA and JUSTIN J. GARCIA willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment, as set forth above.

33. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff MARIA R. DIODATI and those similarly-situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and others similarly-situated and against the Defendants KOKO & PALENKI, PAMELA A. GARCIA and JUSTIN J. GARCIA on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff and those similarly-situated demand trial by jury of all issues triable as of right by jury.

## COUNT II:
## FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3) RETALIATORY DISCHARGE; AGAINST ALL DEFENDANTS

34. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-15 of this complaint as if set out in full herein.

35. This action arises under the laws of the United States.

36. The employer KOKO & PALENKI was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a retail business that has more than two employees directly and recurrently engaged in interstate commerce. Defendant caters to customers from out of state and to customers from other Countries. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states. Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum. By reason of the foregoing, Defendant was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is enterprise coverage.

37. Plaintiff was employed by an enterprise engage in interstate commerce and through her daily activities, Plaintiff and other employees similarly situated regularly and recurrently participated in interstate business, performing credit card transactions, handling and selling

goods and materials that were moved across State lines at any time in the course of business, to mostly out of the state customers. Therefore, there is individual coverage.

38. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…"

39. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

40. Defendant KOKO & PALENKI employed Plaintiff MARIA R. DIODATI from on or about October 14, 2012 through February 14, 2014. Plaintiff was hired as general store employee, and she was paid a wage rate or $13.00 an hour, plus the payment of 1% of commissions for sales under $5,000.00, and 2% of commission for sales over $5,000.00.

41. While employed by Defendant, Plaintiff worked an average of 48.5 (Forty Eight and a Half) hours per week without being compensated at the rate of not less than one and one half times the regular rate at which he was employed.

42. Plaintiff had a regular schedule, and she usually worked 5 days per week.  On Mondays Plaintiff worked from 9:00 AM to 6:30 AM (9.5 hrs.); on Tuesdays and Thursdays Plaintiff worked from 1:00 PM to 10:30 PM (9.5 hrs. each day); on Saturdays Plaintiff worked from 9:00 AM to 6:30 AM (9.5 hrs.); and on Sundays, Plaintiff worked from 11:00 AM to 9:30 PM (10.5 hrs.). Plaintiff was unable to take any lunch break.

43. Plaintiff worked a total of 48.5 hours weekly, nevertheless, Plaintiff was paid for only 40 hours. She was not paid for overtime hours at the rate of one time and a half her regular rate as established by law.

44. Nevertheless, Plaintiff was paid for only 40 hours. She was not paid for overtime hours at the rate of one time and a half her regular rate as established by law.

45. On or about January 3, 2014, Plaintiff formally complained and requested the payment of overtime hours to Regional Manager Amy Forte. Manager Amy Forte did not provide Plaintiff any answer.

46. On or about January 31, 2014, Plaintiff for the last time complained to Manager Amy Forte and requested to be paid for overtime hours. This time the Manager told Plaintiff that she would talk to the owners of the business.

47. These complaints about overtime payment at the proper rate constituted protected activity under the Fair Labor Standards Act.

48. Two weeks later, on or about February 14, 2014, the owner of the business JUSTIN J. GARCIA, fired Plaintiff using pre-textual and frivolous reasons. Plaintiff claims that she was fired in retaliation for her complaints about unpaid overtime hours and illegal deductions.

49. The termination of Plaintiff MARIA R. DIODATI was directly and proximately caused by Defendant's unjustified retaliation against Plaintiff because of her complaints about overtime payment, in violation of Federal Law.

50. Moreover, Plaintiff's termination came just in temporal proximity after Plaintiff's participation in protected activity on or about January 31, 2014.

51. At all times during her employment, Plaintiff performed her work satisfactorily. There was no reason other than a retaliatory action to terminate Plaintiff's employment with Defendant.

52. At the times mentioned, individual Defendants PAMELA A. GARCIA and JUSTIN J. GARCIA were the Owners Managers/Partner of Defendant Corporation KOKO & PALENKI. Individual Defendants PAMELA A. GARCIA and JUSTIN J. GARCIA had operational control the Corporation, they determined Plaintiff's employment terms and conditions, and are jointly liable for Plaintiff's damages.  Individual Defendants PAMELA A. GARCIA and JUSTIN J. GARCIA were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that these individual Defendants acted directly in the interest of Defendant KOKO & PALENKI, they are responsible for the retaliatory termination of Plaintiff and are jointly liable for Plaintiff's damages.

53. The Defendants' termination of the Plaintiff was in direct violation of 29 U.S.C. 215 (a)(3) and, as a direct result, Plaintiff has been damaged.

54. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorneys' fees.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff MARIA R. DIODATI respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants KOKO & PALENKI, PAMELA A. GARCIA and JUSTIN J. GARCIA that Plaintiff MARIA R. DIODATI recovers compensatory,

    damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants KOKO & PALENKI, PAMELA A. GARCIA and JUSTIN J. GARCIA to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff MARIA R. DIODATI further prays for such additional relief as the interests of justice may require.

## JURY DEMAND

Plaintiff MARIA R. DIODATI demands trial by jury of all issues triable as of right by jury.

DATED: April 30, 2015

                Respectfully submitted,

                By: **/s/ Zandro E. Palma**
                ZANDRO E. PALMA, P.A.
                Florida Bar No.: 0024031
                3100 South Dixie Highway
                Suite 202
                Miami, FL 33133
                Telephone: (305) 446-1500
                Facsimile:  (305) 446-1502
                zep@thepalmalawgroup.com
                *Attorney for Plaintiff*